# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON J. BRESSI, | No. 4:25-CV-00218 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SCI-ROCKVIEW, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### JANUARY 22, 2026

Plaintiff Aaron J. Bressi, a serial prisoner litigant, recently lodged his ninth *pro se* Section 1983[1] lawsuit in this Court, alleging constitutional violations at the State Correctional Institution, Rockview (SCI Rockview), located in Bellefonte, Pennsylvania. The Court will dismiss Bressi's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because he fails to state a claim upon which relief may be granted and because he seeks monetary relief from immune defendants.

### I.    BACKGROUND

During the alleged events that underlie the instant lawsuit, Bressi was incarcerated at SCI Rockview. It appears that after filing his complaint, he was

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

reincarcerated at Northumberland County Jail.[2] Bressi was subsequently released from Northumberland County Jail and currently resides in Coal Township, Pennsylvania.[3] He is a well-known prisoner litigant, filing at least eight previous *pro se* lawsuits in this Court. His cases and appeals are often (if not always) dismissed as facially meritless or legally frivolous.[4]

In the instant case, Bressi makes numerous claims regarding the alleged conditions at SCI Rockview, which conditions range from implausible to fantastical and delusional. Bressi alleges, among other claims, tampering with food trays by "lacing" the food "with multiple different drugs such as bird seed, seriquil [sic], declitricen [sic], charcoal, and a harmful reproductive drug known as yellow"; contaminating inmates' drinking and sink water with similar substances; contaminating "every inmate['s] commissary store products"; violating inmates' privacy rights by placing cameras and audio devices in their cells and showers; unlawfully tracking inmates; robbery; extortion; and running a "very serious and dangerous Organized Crime Unit" whose members are purportedly guilty of all manner of illegal conduct ranging from racketeering to child molestation.[5]

---

[2] *See* Doc. 13.
[3] *See* Doc. 26.
[4] *See Bressi v. Northumberland County*, No. 4:22-cv-1878, Doc. 27 at 7-8 n.1 (M.D. Pa. Jan. 5, 2024) (collecting cases).
[5] *See generally* Doc. 1.

Bressi lodged the instant Section 1983 complaint in February 2025.[6] Shortly thereafter, he paid the full filing fee.[7] He subsequently moved for leave to proceed *in form pauperis* because he was incarcerated at Northumberland County Jail and wanted the Court to serve his complaint.[8] After receiving Bressi's certified prisoner trust fund account statement, the Court granted his motion for leave to proceed *in forma pauperis*.[9]

Bressi sues two defendants: SCI Rockview and "Pre-Parole SCI-Rockview."[10] He seeks $1,000,000 in compensatory damages.[11] However, he fails to state a claim upon which relief may be granted, so the Court must dismiss his complaint.

## II. STANDARDS OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case or claim "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"[12] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the

---

[6] *See generally id.*
[7] *See* Doc. 4.
[8] *See* Doc. 22.
[9] *See* Doc. 25.
[10] *See* Doc. 1 at 1, 2.
[11] *Id.* at 14.
[12] 28 U.S.C. § 1915(e)(2)(B)(ii).

3

same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[13]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[14] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[15] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[16]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[17] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[18] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal

---

[13] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[14] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[15] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[16] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[17] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[18] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[19]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[20]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21]

Because Bressi proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[22]

### III.   DISCUSSION

Following review of Bressi's complaint, he plainly fails to state a claim upon which relief may be granted.  The Court will address his threshold pleading deficiencies in turn.

####   A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[23]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal

---

[19] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[20] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[21] *Iqbal*, 556 U.S. at 681.
[22] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[23] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

involvement in the alleged misconduct."[24]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[25]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[26]

    Bressi's first baseline pleading deficiency is that he does not identify a defendant who was personally involved in the alleged constitutional violations at SCI Rockview.  He simply repeats, throughout his complaint, that "defendants" took certain actions, without identifying any state official or actor who purportedly violated his rights.  Obviously, SCI Rockview and "Pre-Parole SCI-Rockview" are not individuals who could take unlawful actions against Bressi.

    To plausibly plead a Section 1983 claim, Bressi must specify each Defendant's personal involvement in the alleged constitutional misconduct in order to state a claim against them.  He does not do so in his complaint, as he simply names his facility of incarceration and (presumably) a department within that

---

[24] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[25] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[26] *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

facility. Accordingly, the Court must dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of personal involvement.

## B. "Person" for Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[27] Only "persons" are subject to suit under Section 1983, and entities such as state agencies, prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[28]

Bressi sues SCI Rockview (a state prison) and "Pre-Parole SCI-Rockview" (presumably a department within that state prison). Neither of these defendants is a "person" subject to Section 1983 liability.[29] Additionally, both Defendants are state entities. Yet any claim against a state agency or subunit is akin to suing the

---

[27] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[28] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

[29] *See Fischer*, 474 F.2d at 992; *Slagle*, 435 F.3d at 264 n.3; *Foye*, 675 F. App'x at 215.

7

state itself, and such claims are generally barred by Eleventh Amendment sovereign immunity regardless of the relief sought.[30]  Accordingly, any Section 1983 claim against SCI Rockview and "Pre-Parole SCI-Rockview" must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and Section 1915(e)(2)(B)(iii) for seeking "monetary relief against a defendant who is immune from such relief."[31]

### C. Intentional Infliction of Emotional Distress

Bressi appears to assert a state-law tort claim of intentional infliction of emotional distress against Defendants.[32]  However, any such state-law tort claim against the state subunits is barred by Eleventh Amendment sovereign immunity, as explained above, as well as by state statutory sovereign immunity.[33]  Accordingly, this state-law tort claim must be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as well as for lack of jurisdiction under Section 1915(e)(2)(B)(iii) for seeking "monetary relief against a defendant who is immune from such relief."[34]

---

[30] *See, e.g.*, *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008); *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) (*en banc*); *Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (noting that any Section 1983 action by prisoner against Pennsylvania Parole Board is barred by Eleventh Amendment); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) ("The eleventh amendment's bar [against civil rights suits in federal court targeting a state] extends to suits against departments or agencies of the state having no existence apart from the state."); *Foye*, 675 F. App'x at 215.
[31] 28 U.S.C. § 1915(e)(2)(B)(iii).
[32] *See* Doc. 1 at 14.
[33] *See* 1 PA. CONS. STAT. § 2310; 42 PA. CONS. STAT. §§ 8521, 8522(a).
[34] 28 U.S.C. § 1915(e)(2)(B)(iii).

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[35] Bressi will be granted leave to amend in the event that he can plead facts that would plausibly state a claim for relief against a viable defendant.

If Bessi chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth his claim or claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Bressi must leave one-inch margins on all four sides of his pleading.[36] Any exhibits or documents he wishes to present should be attached to his amended complaint.

Importantly, Bressi must correct the threshold pleading deficiencies identified in this Memorandum. He must name proper defendants and specify the offending actions taken by a particular defendant. He must also sign the amended complaint and indicate the nature of the relief sought. If Bressi does not timely file an appropriate amended complaint, dismissal without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

---

[35] *Grayson*, 293 F.3d at 114.
[36] *See* LOCAL RULE OF COURT 5.1.

## IV.  CONCLUSION

Based on the foregoing, the Court will dismiss Bressi's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), as more fully explained above.  Bressi may file an amended complaint in accordance with this Memorandum.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge