**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AARON J. BRESSI,<br><br>Plaintiff,<br><br>v.<br><br>SCI-ROCKVIEW, *et al.*,<br><br>Defendants. | No. 4:25-CV-00218<br><br>(Chief Judge Brann) |

# MEMORANDUM OPINION

**SEPTEMBER 30, 2026**

Plaintiff Aaron J. Bressi, a serial prisoner litigant, recently lodged his ninth *pro se* Section 1983[1] lawsuit in this Court, alleging constitutional violations at the State Correctional Institution, Rockview (SCI Rockview), located in Bellefonte, Pennsylvania. The Court dismissed Bressi's original complaint without prejudice for failure to state a claim for relief. Bressi filed an amended complaint, which Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will grant Defendants' motion and dismiss this case with prejudice.

## I. BACKGROUND

During the alleged events that underlie the instant lawsuit, Bressi was incarcerated at SCI Rockview. It appears that after filing his complaint, he was

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

reincarcerated at Northumberland County Jail.[2] Bressi was subsequently released from Northumberland County Jail and currently resides in Coal Township, Pennsylvania.[3] He is a well-known *pro se* litigant, filing at least eight previous lawsuits in this Court. His cases and appeals are often (if not always) dismissed as facially meritless or legally frivolous.[4]

Bressi's original complaint raised numerous claims regarding the alleged conditions of confinement at SCI Rockview. Bressi's allegations ranged from implausible to fantastical and delusional. He asserted, *inter alia*, that prison officials were tampering with food trays by "lacing" the food "with multiple different drugs such as bird seed, seriquil [sic], declitricen [sic], charcoal, and a harmful reproductive drug known as yellow"; contaminating inmates' drinking and sink water with similar substances; contaminating "every inmate['s] commissary store products"; violating inmates' privacy rights by placing cameras and audio devices in their cells and showers; unlawfully tracking inmates; robbery; extortion; and running a "very serious and dangerous Organized Crime Unit" whose members are purportedly guilty of all manner of illegal conduct ranging from racketeering to child molestation.[5]

---

2 *See* Doc. 13.
3 *See* Doc. 26.
4 *See Bressi v. Northumberland County*, No. 4:22-cv-1878, Doc. 27 at 7-8 n.1 (M.D. Pa. Jan. 5, 2024) (collecting cases).
5 *See generally* Doc. 1.

The Court screened Bressi's complaint and dismissed it under 28 U.S.C. § 1915(e)(2)(B).[6] The Court found that Bressi had failed to allege personal involvement for any Defendant, had sued entities that were not "persons" for Section 1983 purposes, and had failed to state a claim for intentional infliction of emotional distress because the state entities he sued were immune from suit.[7] The Court therefore dismissed Bressi's complaint but granted leave to amend, giving him explicit directions for amendment.[8]

Bressi filed an amended complaint that is nearly identical to his original. This time he sues four defendants: SCI Rockview, "Pre-Parole SCI-Rockview," Bobbi Jo Salamon, and Jessica Leigey.[9] He raises an unspecified "due process" claim and intentional infliction of emotional distress.[10] He seeks $1,000,000 in compensatory damages.[11] He is proceeding *in forma pauperis*.[12]

## II. STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to

---

6 *See generally* Docs. 28, 29.
7 Doc. 28 at 5-8.
8 *See id.* at 9.
9 *See* Doc. 32 at 1.
10 *See id.* at 2.
11 *Id.* at 14.
12 *See* Docs. 20, 22, 25.

offer evidence to support the claims."[13] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[14] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[15]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[16] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[17] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[18] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[19]

---

13 *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

14 *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

15 *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

16 *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

17 *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

18 *Id.* (quoting *Iqbal*, 556 U.S. at 679).

19 *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20]

Because Bressi proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[21]

## III. DISCUSSION

In the Court's prior Memorandum Opinion, Bressi was given explicit directions for amendment. He followed almost none of those instructions. His amended complaint, like his original, plainly fails to state a claim upon which relief may be granted. The Court will address his numerous pleading deficiencies in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[22] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[23] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through

---

20 *Iqbal*, 556 U.S. at 681.

21 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

22 *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

23 *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[24] Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[25]

As with his original complaint, Bressi's first baseline pleading deficiency is that he does not plausibly allege that any Defendant was personally involved in the constitutional violations at SCI Rockview. He simply repeats, throughout his complaint, that "defendants" took certain actions, without identifying any state official or actor who purportedly violated his rights. Obviously, SCI Rockview and "Pre-Parole SCI-Rockview" are not individuals who could take unlawful actions against Bressi, and Bobbi Jo Salamon and Jessica Leigey are mentioned only in the caption of his amended complaint.

To plausibly plead a Section 1983 claim, Bressi must specify each Defendant's personal involvement in the alleged constitutional misconduct in order to state a claim against them. He does not do so in his amended complaint, despite this Court's prior admonitions regarding personal involvement. Accordingly, the

---

24 *Id.* (quoting *Rode*, 845 F.2d at 1207).

25 *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Court must dismiss any Section 1983 claim pursuant to Rule 12(b)(6) for lack of personal involvement.

**B. "Person" for Section 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[26] Only "persons" are subject to suit under Section 1983, and entities such as state agencies, prisons, medical departments, or private medical companies generally do not qualify as "persons" for purposes of Section 1983.[27]

Bressi again sues SCI Rockview (a state prison) and "Pre-Parole SCI-Rockview" (presumably a department within that state prison). Neither of these defendants is a "person" subject to Section 1983 liability.[28] Additionally, both Defendants are state entities. Yet any claim against a state agency or subunit is

---

[26] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[27] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989) (explaining that a state is not a "person" for Section 1983 purposes); *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare Medical is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (nonprecedential) (dismissing Section 1983 claims against prison and Department of Corrections because they "are not persons subject to suit under" Section 1983).

[28] *See Fischer*, 474 F.2d at 992; *Slagle*, 435 F.3d at 264 n.3; *Foye*, 675 F. App'x at 215.

akin to suing the state itself, and such claims are generally barred by Eleventh Amendment sovereign immunity regardless of the relief sought.[29] Accordingly, any Section 1983 claim against SCI Rockview and "Pre-Parole SCI-Rockview" must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim and under 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking "monetary relief against a defendant who is immune from such relief."[30]

### C. Intentional Infliction of Emotional Distress

Bressi alleges, in purely conclusory fashion, that Defendants' actions constitute intentional infliction of emotional distress.[31] This state-law tort claim is barred by Pennsylvania's statutory sovereign immunity.

Commonwealth parties acting within the scope of their employment generally are immune from suit except when immunity is explicitly waived.[32] Pennsylvania's General Assembly has carved out certain limited exceptions from its grant of sovereign immunity to Commonwealth actors.[33] Section 8522(b) of

---

29 *See, e.g.*, *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008); *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) (*en banc*); *Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (noting that any Section 1983 action by prisoner against Pennsylvania Parole Board is barred by Eleventh Amendment); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) ("The eleventh amendment's bar [against civil rights suits in federal court targeting a state] extends to suits against departments or agencies of the state having no existence apart from the state."); *Foye*, 675 F. App'x at 215.

30 28 U.S.C. § 1915(e)(2)(B)(iii).

31 *See* Doc. 32 at 1.

32 *See* 1 PA. CONS. STAT. § 2310; 42 PA. CONS. STAT. §§ 8521, 8522(a).

33 *See generally* 42 PA. CONS. STAT. §§ 8521, 8522.

Title 42 of the Pennsylvania Consolidated Statutes provides ten narrow categories[34] where the state has waived its sovereign immunity for claims involving negligent conduct by Commonwealth parties.[35] This state statutory immunity applies to both negligent and intentional torts committed by Commonwealth actors.[36]

Bressi has not offered any rebuttal to Defendants' argument that his state-law tort claim is barred by state statutory immunity. In fact, he explicitly avers that "all defendants . . . acted within the scope of their official duties[.]"[37] Therefore, the Court will dismiss the claim of intentional infliction of emotional distress as barred by Pennsylvania statutory sovereign immunity.[38]

**D. Frivolous Claims**

Under 28 U.S.C. § 1915(e)(2)(B)(i), a cause of action must be dismissed by the court if it is "frivolous." The term "frivolous" includes actions that depend on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario."[39] A "fantastic" or "delusional" factual scenario is one where "the facts alleged rise to the level of the irrational or the wholly

---

34 The ten exceptions set forth in 42 PA. CONST. STAT. § 8522(b) concern: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse.

35 *See id.* § 8522(a), (b).

36 *See La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992).

37 Doc. 47 at 9.

38 This claim is also frivolous, as noted in Section III(D), *infra*.

39 *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)).

incredible[.]"[40] District courts, who review innumerable *in forma pauperis* lawsuits that are often filed by prisoners against government officials, "are in the best position to determine which cases fall into [the frivolous] category,"[41] and dismissal on this basis is within the district court's discretion and reviewed for abuse thereof.[42]

The Court would be remiss if it did not point out that Bressi's lawsuit is frivolous insofar as most of his allegations are fantastical and delusional. Like in his original complaint, Bressi alleges far-ranging and irrational conspiracies regarding prison officials purportedly lacing prisoners' food and water sources with "bird seed, seriquil [sic], declitricen [sic], charcoal, and a harmful reproductive drug known as Yellow"; installing hidden cameras and tracking

---

40 *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

41 *Id.*

42 *Id. But see Dooley*, 957 F.3d at 373-74 (stating that court of appeals exercises "plenary review" over a district court's *sua sponte* dismissal "under 28 U.S.C. §§ 1915A, 1915(e)(2), and 42 U.S.C. § 1997e(c)," including a dismissal as frivolous (citing *Mitchell*, 318 F.3d at 530)). To the extent that *Dooley* and *Mitchell* conclude that a dismissal for frivolousness under the federal *in forma pauperis* statute—28 U.S.C. § 1915(e)(2)(B)(i), formerly § 1915(d)—is reviewed *de novo* rather than for abuse of discretion, this Court finds that the Supreme Court of the United States' holding in *Denton v. Hernandez* controls and provides the appropriate standard of review, *i.e.*, abuse of discretion. *See Denton*, 504 U.S. at 33 ("Because the frivolousness determination is a discretionary one, we further hold that a § 1915(d) [now § 1915(e)(2)(B)(i)] dismissal is properly reviewed for an abuse of that discretion, and that it was error for the Court of Appeals to review the dismissal of [plaintiff's] claims *de novo*."); *Ackerman v. Mercy Behavior Health*, 621 F. App'x 711, 713 (3d Cir. 2015) (nonprecedential) ("[W]e review the District Court's order dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion." (citing *Denton*, 504 U.S. at 33)); *El-Bey v. United States*, 619 F. App'x 53, 54 (3d Cir. 2015) (nonprecedential) (same).

devices; racketeering; robbery; child molestation; extortion; and kidnapping.[43] These undeveloped claims are wholly incredible and borderline delusional, and therefore must be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

### E. Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[44] Further leave to amend will be denied because Bressi has failed to cure numerous deficiencies with his pleadings even after "amendments previously allowed."[45] Moreover, providing further leave to amend would be futile, as Bressi's claims are clearly frivolous.

---

43 *See* Doc. 32 at 2-13. Bressi also alleges in the first paragraph of his amended complaint that he was held four years past his maximum sentence date. *See id.* at 2. This claim is entirely conclusory and unsupported by any facts, and therefore it will be disregarded. *See Connelly*, 809 F.3d at 787. Although Bressi includes additional facts about this purported due process violation in his opposition brief, it is well settled that a plaintiff cannot amend his pleading in a brief in opposition to a motion to dismiss. *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

44 *Grayson*, 293 F.3d at 114.

45 *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Bressi's amended complaint for failure to state a claim and as frivolous, as more fully explained above. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge